IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

FILED
SOUTHERN DISTRICT OF MISSISSIPPI
DEC 17 2004

ABE JONES, JR. #65170                    PLAINTIFF
    VS.                         CIVIL ACTION NO. 2;04-CV-349-R
ANTHONY J. BUCKLEY, JAY L. JERNIGAN,
LARRY DYKES, ROGER WILLIAMS,
and GAYLON HARPER.                    DEFENDANTS
In their personal and official capacities:

## AMENDED CIVIL COMPLAINT

### I.

Comes Now, ABE JONES, Jr. Pro'se Plaintiff pursuant to Federal Rules of Civil Procedures Rule 15(a). and as ordered by this Honorable Court. and submit this Amended Civil Complaint in the above styled and numbered civil action.

### II.

On or about December 8, 2004. Plaintiff Received a order from this Honorable Court ordering that. Plaintiff Amend his original Civil Action 1983 Complaint to specifically state how Defendants Anthony J. Buckley, Larry Dykes, Roger Williams and Gaylon Harper personally violated Plaintiff's Constitutional Rights.

P.1

## III.

In, this Amended Complaint, Plaintiff has Resubmitted parts from the original complaint, and Added the Requested Amended parts to it Beginning at Pages 16-19 of this Amended Complaint. Also Plaintiff has Amended a 4th Amendment Right Claim to this Complaint.

## STATEMENT OF CLAIMS.

The Fourth Amendment of the United States Constitution states;

The Right of the people to secure in their person Houses, Papers and effects Against unreasonable Searches and Seizures Shall not be violated, and no warrants shall issue but upon probable cause, supported by oath or affirmation and particularly describing the place to be searched and the persons or things to be seized.

The 5th Amendment of the United States Constitution states; No person shall be held to Answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases Arising in Actual Service in time of war or public Danger. Nor Shall any person be subject for the same offence to be twice put in Jeopardy of Life, or Limb, nor shall be compelled in any criminal case to be a witness Against himself, nor be deprived of Life, Liberty or property without due process of law; nor shall ~~private~~ private property be taken for public use, without JUST compensation.

p.2

The 14th Amendment of the United States Constitution States that;

Section 1. All person Born or Naturalized in the United States and subject to the Jurisdictipn thereof, are Citizens of the United States and of the State wherein they Reside. No State shall make or Enforce Any Law which shall Abridge the Privileges or immunitties of Citizens of the United States; **Nor shall Any State Deprive Any person of Life, Liberty, or property, without Due Process of Law, Nor Deny to Any person within its Jurisdiction the Equal Protection of the Laws.**

Plaintiff, Abe Jones, jr. and His Wife Etta Jones, Have Been Deprived of their property in violation of Due Process of Law as set out in the 5th and 14th Amendment of the United States Constitution.

On or About June 21,2004 Plaintiff was deprived of the Below Listed Property Due to An Unauthorized and, False Agreed Order of Dismissal Entered in the County Court of the Second Judicial District Jones County, Mississippi Executed by Plaintiff's EX-Attorney the Hon. JAY L. JERNIGAN, Hon. ANTHONY J. BUCKLEY, Jones County District Attorney, Roger Williams, Commander of the southeast Mississippi Drug Task Force, Larry Dykes, Jones county Sheriff and, The Hon. Gaylon Harper, County Judge of Jones County, see EXHIBIT-A Herewith.

On or About April 18,2002, the Following property was Seized From Plaintiff Pursuant to Section 41-29-153 of the Mississippi Code of 1972. By, the Jones county Sheriff's Department and, the Southeast Mississippi Drug Task Force(S.E.M.D.T.F.), To Wit;

(1). One 2001 Lincoln LLS Vehicle, VIN#1LNHM87A51Y701314, Titled In the name of ABE JONES,jr. with A Lien in Favor of Miss. Title Loans Purchashed Value of Approximately $42,365.00;

(2). One 2000 Pontiac Grand Am Vehicle, VIN# 1G2NF52TXYM853961, Titled in the Name of ABE JONES,jr. and, ETTA JONES, purchashed Value of Approximately $18,000.00;

(3). One Sanyo 19" Television Set, Value at Approximately $75.00;

(4). One Gateway Computer and, Accessories, value at Approximately $750.00;

(5). One Epson Printer, value at Approximately $75.00;

(6). One Umax Scanner, Value at $80.00;

(7). One Allegro Video Cassette Recorder, Value at Approximately $50.00

(8). One GE D.V.D. Player, Value at Approximately $175.00;

(9). One Cannon Camcorder, Value at Approximately $325.00;

(10). One Mitsubitchi Camera, Value at Approximately $500.00;

(11). One Emerson CD and Cassette Player with Speakers, Value at Approximately $80.00;

(12). One Phillips 60" Television Set, Value at Approximately $3,500.00;

(13). One Kenwood CD Changer with Surround Sound, Value at Approximately $400.00;

(14). One Kenwood Dual Cassette Deck, Value at Approximately $200.00;

(15). One Kenwood CD Changer, Value at Approximately $325.00;

(16). One Orion VCR, Value at Approximately $ 45.00;

(17). One Emerson 12" Television set, Value at $70.00

(18). Two Phillips Dual Cassette and CD player, Value $300.00($150.00 each);and,

(19). $1,838.00 In US Currency(cash):

This $1,838.00 Cash is not listed On the Allege Agreed Order of Dismissal, See Exhibit-A. But, it is Listed on Notice of Seizure, Exhibit-B.1.

Also, not Li sted on the Agreed Order of Dismissal is.Two(2) Cambrige Speakers SN# SW00361382006602, See Notice of Seizure Exhibit-B.2. Plaintiff would like to,Also Call this Court's Attention to Exhibits- B.1 &B.2 and, point out the Fact that. The, Notice of Seizures or not Completely Filled out Properly..

This, matter Extends from the Arrest of Plaintiff, On Or About April 18,2002.On A Charege of Sale of Crack Cocaine, A Controlled Substances.

On,the Day of Plaintiff's Arrest.The, Jones County Sheriff's Department and, the Southeast Mississippi Drug Task Force Executed A, Warrantless Search and, Seizure of Plaintiff;and His Property. Plainitff, was not shown A Warrant for His Arrest or,the Search of His, Home, Vehicles or, property. However, upon the Search of His Home, Vehicles or,Property. No, Drugs were found in or on Either Plaintiff Personal, Home or, Vehicles.

The, Jones County Sheriff's Department and,THe Southeast Mississippi Drug Task Force However, Claim's that They Found, 5 pieces of Crack cocaine outside of Plaintiff's Home, down in the Sewerage System.

On or About May 17,2002,A petition For Forfeiture of items Seized was filed with the Jones County Circuit Clerk Office by, Sherry L.Lowe, Assistant District Attorney for the Eighteenth Circuit Court District,see Exhibit-C..

Plaintiff, do not Have A Copy of this Alleged Petition For Forfeiture Of Items Seized. However,Plaintiff has Attempted on Two(2) Occasiions To Attain copies of this Petition from, the Circuit Clerk Office Of Jones County,Mississippi.Plaintiff has had,His Family to go to the Clerk's Office and, Request copies of All Documents in the file under Cause No. **2002-211**.The Only Documents That Plaintiff has been Able to Attain is. Copies of Three(3) Allege Subpoena Duces Tecum Filed under this Cause Number,see Exhibits-D, E,& F.



Plaintiff's mother, Mrs. Hilma Jones who will be called to testify in this matter, will testify that she has on two (2) occasions gone to the Jones County Circuit Clerk's office and requested copies of all documents on file under cause no. 2002-211 and both times she was given copies of Exhibits - C, D, E and Foner. At no time has Circuit Clerk produced a copy of any Petition for Forfeiture of items seized.

Also, Plaintiff's attorney in 2002 the Hon. David Ratcliff, was alleged to have filed a petition contesting the Forfeiture Petition file by the State and filed an Answer to the Petition.

Plaintiff, is unable to attain any copies of this petition contesting the forfeiture or Answer to the Petition for Forfeiture of items seized.

Plaintiff, has no knowledge of any Hearings being held on this matter on or about August 12, 2002 as alleged in the Subpoena Duces Tecum, see Exhibits D, E, and F. To Plaintiff's knowledge, there is no record of any Hearings being held in this matter.

The, Jones County Sheriff's Department and the Southeast Mississippi Drug Task Force, seized Plaintiff property on or about April 18, 2002. From, this time til this day, Plaintiff has no knowledge of any actions being taken in this matter. Until, on June 21, 2004 when the alleged Agreed Order of Dismissal was entered in this matter.

Plaintiff on or about November 3, 2003, entered a plea of guilty on one count of sales of crack cocaine. Plaintiff, received a sentence of, 15 years with, 5-years suspended, 10-years to serve and, 5-years post release supervision.

Pursuant to the, forfeiture laws of the state of Mississippi. The provision of section 41-29-153 (a)(4), (a)(5), and (a)(7) of the Mississippi Code of 1972 as amended states:

(a). The following are subject to forfeiture;

(4). All conveyances including Aircraft, vehicles or vessels, which are used, or intended for use to transport or in any manner, to facilitate the transportation, sale, receipt, possession or concealment of property described in paragraph (1) or (2) of this section However;

(5). All money, deadly weapons, books, records and Research products and materials, including formulas, microfilm, tapes and Data which are used or intended for use, in violation of this Article;

(7). Everything of value, including real estate, furnished or intended to be furnished, in exchange for a controlled substance in violation of this Article. All proceeds traceable to such an exchange, and all monies, negotiable instruments businesses or business investments, securities, and other things or value used, or intended to

facilitate any violation of this article, all monies, coin and currency found in close proximity to forfeitable controlled substances, to forfeitable drug manufacturing or distributing paraphernalia, or to forfeitable records of the importation, manufacture or distribution of controlled substances are presumed to be forfeitable under this, paragraph; the burden of proof is upon claimants of the property to rebut this presumption.

Under, the laws of the State of Mississippi, In. order to be entitled forfeiture of currency, vehicles or other property. The State, must prove that, it is more likely then not that, currency, vehicles and other property was possessed by plaintiff with intent to be used in connection with illegal narcotics trafficking scheme. Miss code Anns 41-29-153 (a)(4),(a)(5), and (a),(7).

Also, miss. code Ann § 41-29-153 (b)(4), states that,
(b). property subject to forfeiture may be seized by the Bureau, local law enforcement officers; enforcement officers of the Mississippi Department of Transportation, Highway Patrolman, the board; or the State Board of Pharmacy upon process issued by any appropriate court having jurisdiction over the property seizure without process may be made if;

(4). The Bureau, local law enforcement officers, enforcement officers of the Department of Transportation, Highway Patrolmen, The Board or the State Board of Pharmacy have probable cause to believe that the property was used or is intended to be used in violation of this Article. MCA § 41-29-153 (b)(4).

In the case at Bar, it is a known fact to all Defendants that plaintiff's property pursuant to the law was not forfeitable.

The, Forfeiture statutes require that, in order to be subject to forfeiture, the seized property be used or intended to be used in violation of uniform controlled substances law. The statutes also require that before the property may be seized without process, the seizing officer must have "PROBABLE CAUSE" to believe the property was used or intended to be used in violation of the Article.

Plaintiff's guilty plea to the sale of crack cocaine was not probable cause standing alone. The fact that 5 pieces of crack cocaine was alleged to have been found outside of plaintiff home in the sewerage system was not probable cause.

In, The case at Bar. Plaintiff can show to this Court the legitimate source of his income,



Plaintiff can show to this court that, in 1999, Plaintiff had a income from legal gambling winnings of approximately $90,350.00, see Exhibit G1-G3, which or Mississippi tax return records filed by Jackson Hewitt Tax Service, 910 Sawmill Road, Laurel, Miss, 39440 Phone #: 601-428-1062.

In, 2000, Plaintiff can show a legal gambling winnings income of approximately $103,900.00, see Exhibit-H.1 and H.2.

In, 2001, Plaintiff can show a legal gambling winnings income of approximately $305,949.00, see Exhibit-I.1-I.3.

The state can not show that any of plaintiff's property seized was traceable to any intend to be use for the manufacturing, distributing of controlled substances, the state can not establish any connection between the plaintiff's property and any drugs or drug trafficking.

Plaintiff will show to this honorable court in Exhibit-J, were the state through Jones County District Attorney Anthony J. Buckley attempte to coerce Plaintiff in to signing over his property, in order to get charges dismissed against plaintiff's son, Antwan Jones. This letter Exhibit-J. from District Attorney Anthony J. Buckley was to plaintiff's ex-Attorney Jay L. Jernigan Dated May 18, 2004.

Now, The Jones County Sheriff's Department and, The Southeast Mississippi Drug Task Force seized plaintiff's property on or about April 18, 2002, over two years past. Still forfeiture hearings had not been held in this matter. Had the State been able to prove that plaintiff's property was subject to forfeiture. Why would they be trying to make this kind of deal over 2 year after property was seized? Because, they known they had no case against plaintiff's property.

Close to one month, after this letter was sent to plaintiff's ex-attorney Jay L. Jernigan, exhibit-J. On June 21, 2004, Attorney Jay L. Jernigan enters a falsified Agreed order of Dismissal, see Exhibit - A.

Attorney Jay L. Jernigan, did not have plaintiff's authorization to execute any agreements or acts as an agent for plaintiff on this matter.

Attorney Jay L. Jernigan, never talked to plaintiff concerning this matter. Nor, did anyone else having the authority to do so, give Attorney Jay L. Jernigan the authority to enter or execute any type of an agreement concerning plaintiff's property.

On or about September 10, 2004, plaintiff wrote Attorney Jay L. Jernigan concerning this Agreed order of Dismissal on, the forfeiture of plaintiff's property.

On or about September 15, 2004. Plaintiff received a letter from Attorney Jay L. Jernigan concerning this matter, see Exhibit-K.

Attorney, Jay L. Jernigan was informed by Plaintiff's mother Mrs. Hilma Jones of Plaintiff's whereabouts. Still, Attorney Jay L. Jernigan never once tried to contact Plaintiff himself.

Attorney Jay L. Jernigan, claims in this letter, Exhibit-K that:

> Plaintiff failed to contact him to let him know what Plaintiff wanted to do within the time period allowed by the District Attorney.

Mr. Jay L. Jernigan claims that. He called Plaintiff mother who instructed him to sign the order in order to prevent Plaintiff's son from going to jail, Exhibit-K.

However, Mrs. Hilma Jones, states in her affidavit enclosed herewith Exhibit-L. That. She have no knowledge of anyone giving Attorney Jay L. Jernigan the authority to execute any actions of a settlement concerning the items and property seized from Plaintiff.

Mrs. Hilma Jones also states, that. She have not signed. or entered in to any type of an agreement or, authorized. Attorney Jay L. Jernigan to act as a agent on behalf of Abe Jones Jr. (Plaintiff). to forfeit. any of the property seized. Mrs. Hilma Jones will also, testify to these facts in court.

Also, Exhibit-M, is an affidavit from plaintiff' wife, Mrs. Etta Jones. She, states that. she never gave attorney Jay L. Jernigan the authority or signed any type of an agreed order of dismissal nor, did she agree to attorney Jay L. Jernigan doing so on her behalf or, the behalf of Abe Jone, Jr. (plaintiff). See Exhibit-M.

Therefore, this Honorable court can see the violations of plaintiff's 5th and 14th Amendments Rights. In this case.

This Honorable court can also see the conspiracy and fraud by deceition on the part of the defendants to deprive plaintiff of his property without the due process of the law.

Pursuant to the Miss. code ann § 41-29-179 (1). It states that;

(1). Except as otherwise provided in section 41-29-176 an owner of property, other than a controlled substance, raw material or paraphernalia that has been seized. Shall file an answer within. thirty (30) days after the completion of service of process, if an answer is not filed, the court shall hear evidence that the property is subject to forfeiture and forfeit the property to the Mississippi Bureau of Narcotics or local law enforcement agency.

if An Answer is Filed, A time for hearing on Forfeiture shall be set within thirty (30) Days of Filing the Answer, or At the succeeding term of court if court would not be in progress within thirty (30) Days After Filing the Answer. Provided However, That upon Request by the Bureau of Narcotics the Local Law Enforcement Agency or the owner of the Property, the Court may postpone said Forfeiture Hearings to A date past the time any criminal action is pending Against said owner.

Plaintiff, submit that, His Attorney at the time of May 17, 2002 was the Hon. David Ratcliff. May 17, 2002 is the Alleged date that, the Petition for forfeiture of Items seized was Filed According to the Filed date on Exhibit-C.

From Exhibits- D, E, and F, It is shown that An Alleged Hearing was suppose To have taken place on or About August 12, 2002 at 9:00 Am in The City of Laurel Mississippi.

Plaintiff was never informed of this Hearing and have no knowledge if in fact this Hearing took place at all. No one contacted Plaintiff concerning A Hearing on August 12, 2002.

Page.14.

However, if this alleged hearing did take place, what was the outcome of it? If, the court had ruled in favor of the State. Why then in May 2004, they was still trying to get the plaintiff to sign over his property? This, makes no sense.

Also, the law is clear that, Miss. Code Ann §§ 41-29-179 states that:

If an answer is filed, a time for hearing on forfeiture <u>shall</u> be set within thirty (30) days of filing the answer. Or at the succeeding (coming next in order) term of court if court would not be in process within thirty (30) days after filing the answer.

Plaintiff, was not given a hearing thirty (30) day after the filing of the answer. Nor was there a hearing in the succeeding term of court to plaintiff's knowledge.

Also, exhibits - N.1 - N.9 and exhibits - O.1 - O.6 are more proof of plaintiff's income from legal gambling winnings. These are only some of the 2001 and 2002 W-2G forms, from the Silver Star Hotel and Casino in Philadelphia, Mississippi.

Plaintiff's property, is not and was not traceable to any drug dealings or, manufacturing and distribution of drug or drug trafficking.

It is, the belief of plaintiff that, Anthony J. Buckley, Larry Dykes, Roger Williams and Garlon Harper along with Jay L. Jernigan was all part of a conspiracy formulated by all named defendants to deprive plaintiff of his property without due process of the law.

Anthony J. Buckley, acting as District Attorney Representing the State of Mississippi, Jones County Sheriff Larry Dykes and Mississippi Southeast Drug Task Force Commander Roger Williams. On numerous occasions had attempted to get plaintiff to sign over the before mention property to the State, Jones County Sheriffs Department and the Southeast Mississippi Drug Task Force.

Anthony J. Buckley, knew that, pursuant to the Laws of this State, that if this matter had gone to trial as required by law, they would have had to return all property to plaintiff.

Anthony J. Buckley, used his Authority as District Attorney to personally violate plaintiff's right to due process concerning the forfeiture of plaintiffs property.

As, can been seen in Exhibit-J (in the records) on May 4, 2004, Anthony J. Buckley attempts to get Jay L. Jernigan to talk plaintiff in to signing over his 2 cars in return, he, Anthony J. Buckley would dismiss the sale charge on Antwain Jones, plaintiffs son.


This Exhibit-J. is the only evidence that plaintiff has in writing to support this claim. On many occasions. It was through plaintiff's Attorneys. This plan was put to plaintiff.

This attempt to take plaintiff's property had began with former District Attorney of Jones County C. Grant Hedgepeth, see Exhibit-C (in the records)

Larry Dykes and, Roger Williams both was personally present at plaintiff's Home when property was seized on or about April 18, 2002.

At, no time was plaintiff presented any warrantces for the search of his Home or his Arrest and the seizure of his property. There by violating the Fouth Amendment of the United States Constitution.

The Fouth Amendment Requires that, A warrant describe with particularity the place to be searched and the persons or things to be seized.

Larry Dykes. and members of the Jones County Sheriff's Department and, Roger Williams and members of the Southeast Mississippi Drug task Force came to plaintiff's Home on or About April 18, 2002 without any warrantcle, Hand-cluffed everyone at plaintiff's Home and searched plaintiff's Home and property. and began to load up plaintiff's property.

If, in fact Larry Dykes and Roger Williams had Evidence of plaintiffs involvement in drugs sells. They should have had A warrant for

Plaintiff's arrest as well as for the search of Plaintiff's home and seizure of his property.

Larry Dykes and Roger Williams on numerous occasions tried to get Plaintiff to sign over his two cars and other property to them.

It, has also been reported to Plaintiff and his family that. Larry Dykes used Plaintiff's cars for his personal services before the property was alleged forfeited under the pretext of this false agreed order of dismissal Exhibit-A, (in the records).

Anthony J. Buckley and Roger Williams names and signatures also appears on the false agreed order of dismissal, Exhibit-A.

Gaylon Harper, it is the belief of Plaintiff that. Gaylon Harper. was personally involved to see to it that the false agreed order of dismissal would be approved by the court.

Gaylon Harper, was hand picked by Defendants to insure the finalization of this conspiracy to deprive Plaintiff of his property without due process of the Law.

All other proceedings involving Plaintiff's cases was handled by the Hon Billy Joe Landrum, circuit Judge for the Eighteen District.

It, is Plaintiff's belief that. Gaylon Harper personally knew that. This false agreed order of Dismissal was in fact. A falsified document.

page-18

But, he went along with the other defendants plans to deprive plaintiff of his property and his rights to due process of the law.

Since the filing of this complaint, plaintiff has been informed that the defendants has since sold one of the plaintiff's vehicles, the 2001 Lincoln LLS. Plaintiff has no knowledge about the remaining property.

Due to the acts of the defendants, this plaintiff has received injury by the lost of his property.

The alleged amount of crack cocaine alleged to have been found in the sewerage system outside of plaintiff's home, is an insufficient amount to even say plaintiff was a drug dealer. Crack smokers or found to carry this amount and more on them personal everyday.

This alleged crack found at plaintiff's home was said to have been in the sewerage system. Therefore, it was not in plain view, and law enforcement officers was required to show plaintiff a warrant for the search and seizures of his property and his arrest.

This case shows violations of the 4th, 5th and 14th Amendments of the United States Constitutions and Mississippi State laws as well.

page - 19

## REQUESTED RELIEF

(1). Plaintiff, request the return of all seized property as it was the day it was seized and/or compensation in the amount of all missing property value, or compensation in the amount of $68,853.00 for all property seized.

(2) Plaintiff request the return of $10,000.00 paid to Jay L. Jenison for attorney fees paid to him, see Exhibit-P.

(3). Plaintiff's has lost property value at approximately, Household items $6,650.00; US-Currency $1,838.00; 2-Vehicle $60,365.00 for a total of $68,853.00.

(4). Plaintiff also seeks punitive damages in the amount of $157,704.00 from each defendants in their personal and offreals capacities for a total of approximately $630,816.00 in punitive damages.

(5). Plaintiff request a jury trial on this matter. And any and all other relief this Honorable court and a jury deems just.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

This the 15 day of December 2004.

x Abe Jones Jr.
Signature of Pro Se Plaintiff
ABE JONES, JR.

Page-20