IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ABE JONES, JR.

VS.                                                           CIVIL ACTION NO. 2:04cv349-KS-RHW

ANTHONY J. BUCKLEY, ET AL

ORDER ACCEPTING MAGISTRATE JUDGE'S
RECOMMENDATION AND DISMISSING PETITION WITH PREJUDICE

On this date, this Court considered United States Magistrate Judge Robert H. Walker's Proposed Finding of Fact and Recommendation filed February 2, 2006, in regard to the civil rights complaint made by Abe Jones, Jr., pursuant to 42 U.S.C. § 1983.

1.   PROCEDURAL HISTORY

Jones submitted this lawsuit for filing on October 13, 2004.  He alleged that Defendants Anthony J. Buckley, Jay L. Jernigan, Larry Dykes, Roger Earl Williams and Gaylon Harper unconstitutionally deprived him of personal property through a warrantless search and subsequent civil forfeiture proceeding.  By [8] Order dated February 10, 2005, Defendants Buckley, Jernigan and Harper were dismissed from the case leaving only Roger Earl Williams and Larry Dykes as Defendants. On July 29, 2005, Defendants Williams and Dykes filed a Motion for Summary Judgment [23].  Jones did not respond to the Motion for Summary Judgment and on February 2, 2006, the Report and Recommendation of Magistrate Judge Walker was filed with this Court. On February 24, 2006, Jones filed his [26] Opposition to the Report and Recommendation.

2.   FACTUAL BACKGROUND

On April 18, 2002, Jones and his son Antwan Jones were arrested for the sale of cocaine

within fifteen hundred feet of a church. Numerous items of personal property were seized at Jones' residence pursuant to Miss. Code Ann. § 41-29-153(7). On November 3, 2003, Jones pled guilty to the charges and was sentenced to the penitentiary. An Agreed Order of Forfeiture was entered as part of a plea bargain, and in furtherance of the plea bargain, the charges against Antwan Jones were dismissed. As part of the Agreed Order the Drug Task Force was indemnified from any liability concerning the seizure of the property and, as stated above, the property was forfeited. Apparently, Jones made a complaint following the completion of the plea bargain and his attorney, Jay Jernigan, wrote him and stated that the property would be returned and the forfeiture proceeding reinstated and the charges against Antwan Jones reinstated if Jones had changed his mind. Nothing further was done and, apparently, Jones declined the offer to set the forfeiture aside and reinstate the criminal proceedings against his son, which would put Jones back in the place he was in prior to the entry of the Agreed Order of Forfeiture.

    3.    <u>PLAINTIFF'S COMPLAINT</u>

Jones claims that he should not be bound by his attorney's determination and agreement to the Agreed Order of Dismissal and state s that he did not authorize his attorney to accept same. He further claims that there was an improper seizure of the property on April 18, 2002, since it was seized without a search warrant.

    4.    <u>STANDARD OF REVIEW</u>

When a party objects to the Proposed Findings of Fact and Recommendation, the Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1), see also *Longmire v. Guste*, 921 F. 2d 620, 623 (5th Cir. 1991) (party is "entitled to a *de novo* review by an Article Three Judge as to those issues to which an objection is made.") Such a review means

that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge, *Ketting v. Thompson*, 995 F. 2d 37, 40 (5th Cir. 1993), nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Comm'n,* 834 F. 2d 419, 421 (5th Cir. 1987).  No factual objection is raised when the petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, F. 3d 290, 293 (5th Cir. 1993).

     5.   PETITIONER'S OBJECTIONS

Petitioner makes vague, unspecific and largely irrelevant constitutional arguments.  The relevant ones were:

(d) the fact that the Court failed to recognize that the defendant Dykes and defendant Williams, under constitutional could not hold the plaintiff's property in "lieu" of plaintiff's son being or not being prosecuted where the plaintiff was not responsible for any wrong or no wrong by plaintiff's son.

(f) The fact that the agreed order in its composition by defendant Dykes and defendant Williams was illegal and violated plaintiff's rights to due process of law.

    (g)    The fact that the warrantless search and seizure of plaintiff's property by defendant Dykes and defendant Williams was not "legitimate" or "reasonable" under the constitutional norms of plaintiff's right to privacy secured by the Fourth Amendment to the Federal U.S. Constitution.

6.   ANALYSIS

The Magistrate Judge's proposed Findings of Fact and Recommendation address the issues of *res judicata* and the fact that plaintiff waived any cause of action against Dykes and

Williams for the seizure of the property. This Court cannot add to what was stated by the Magistrate Judge.

      7.    <u>CONCLUSION</u>

As required by 28 U.S.C. § 636(b)(1), the Court has conducted an independent review of the entire record and a *de novo* review of the matters raised in the objections. For the reasons set forth above, the Court concludes that Abe Jones Jr.'s Objections lack merit and should be overruled. The Court further concludes that the Findings of Fact and Recommendation are an accurate statement of the facts and a correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Findings of Fact and Recommendation.

Accordingly, it is ordered that the United States Magistrate Judge Robert H. Walker's Findings of Fact and Recommendation are accepted pursuant to 28 U.S.C. § 636(b)(1), and that Abe Jones Jr.'s claim is dismissed with prejudice. Any other pending motions are denied as moot.

SO ORDERED this the <u>17th</u> day of July, 2006.

                                     s/ *Keith Starrett*
                              UNITED STATES DISTRICT JUDGE